UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION
**Case Number:  18-14258-CIV-MARTINEZ-MAYNARD**

SREAM, INC., a California corporation, and
ROOR INTERNATIONAL BV, a foreign
corporation,
      Plaintiffs,

vs.

ASAT INC d/b/a A-1 DISCOUNT BEVERAGE,
a Florida corporation,
      Defendant.
_____/

**ORDER GRANTING FINAL DEFAULT JUDGMENT AND
ENTERING PERMANENT INJUNCTION AGAINST DEFENDANT**

THIS CAUSE came before the Court on Plaintiffs SREAM INC. and ROOR INTERNATIONAL BV's ("Plaintiffs") Motion for Default Judgment against Defendant ASAT INC d/b/a A-1 DISCOUNT BEVERAGE ("Defendant") [ECF No. 10] (the "Motion for Default Judgment"). The Court has carefully considered the Motion for Default Judgment, the record in this action, and is otherwise fully advised in the premises.

**I.      Background**

Plaintiffs filed their Complaint for Injunctive Relief and Damages under the Lanham Act against Defendant, alleging trademark counterfeiting and infringement pursuant to 15 U.S.C. § 1114 (Count I) and false designation of origin and unfair competition pursuant to 15 U.S.C. § 1125(a) (Count II) [ECF No. 1]. Plaintiff RooR International BV ("RooR") is a manufacturer of glass water pipes and Plaintiff Sream, Inc. is Plaintiff RooR's exclusive licensee within the United States. Plaintiff RooR is the registered owner of the following trademarks (hereinafter, "RooR Marks"):

| Trademark | Registration Number | Registration Date | Class(es) / Relevant Goods |
|---|---|---|---|
| [symbol below] | 3675839 | September 1, 2009 | IC 034.  Smoker's articles, namely, glass pipes, bongs, water pipes, water pipes of glass. |
| [symbol below] | 2307176 | January 11, 2000 | IC 025.  Clothing, namely shirts, pants, jackets, sweaters, socks, hats, caps and footwear. |
| | | | IC 034.   Smoker's articles, namely, cigarettes, cigars, tobacco pouches, humidors, tobacco spittoons, chewing tobacco, smoking tobacco and matches. |
| [symbol below] | 2235638 | March 30, 1999 | IC 021.  Glass bowls; glass boxes; [lamp glass brushes; busts, figures, figurines, sculptures, statuettes and statues. . .[1] |



[ECF No. 1-2]. In their Complaint, Plaintiffs allege that Defendant "has engaged in the unlawful manufacture, retail sale, and/or wholesale sales of counterfeit RooR branded water pipes and related parts" [ECF No. 1 ¶ 7]. Moreover, Defendant has used the RooR Marks without Plaintiffs' consent (*id.* ¶ 22) and long after the trademarks were registered with the United States Patent and

---

[1] [ECF No. 1-2, at 5].

Trademark Office and Plaintiff Sream, Inc.'s license and subsequent adoption and use of the RooR Marks (*id.* at ¶ 26).

As a result of Plaintiffs' ongoing investigation into unauthorized use of the RooR Marks, on February 5, 2016, Plaintiffs' investigator purchased a glass water pipe with a RooR Mark affixed to it from Defendant. *See* ECF No. 1-5, at 2. Plaintiffs' investigator purchased the glass pipe for $21.19. *Id.* at 1. According to Plaintiffs, upon proper inspection of the glass pipe, Plaintiffs' agent determined that the pipe was a counterfeit good [ECF No. 1 ¶ 24]. Plaintiffs attached to their Complaint a photograph of the infringing mark affixed to Defendant's counterfeit good.



Further, Plaintiffs have alleged that Defendant's "use of the RooR Marks includes importing, advertising, displaying, distributing, selling, and/or offering for sale unauthorized copies of RooR branded products" and doing so in manner that was and is "likely to cause confusion or to cause mistake and/or deceive consumers" who purchased such counterfeit goods [ECF No. 1 ¶ 25].

Plaintiffs subsequently filed this action against Defendant on July 9, 2018, alleging violations arising under the Lanham Act. The record reflects that the Summons and Complaint were served on Defendant on July 16, 2018 [ECF No. 7].[2] Accordingly, Defendant's response to Plaintiffs' Complaint was due on August 6, 2018. On October 9, 2018, Plaintiffs filed their Motion

---

[2] The Court notes that the Verified Return of Service was not filed on the record until October 8, 2018.

for Entry of Clerk's Default as Defendant failed to answer or otherwise respond to the Complaint [ECF No. 8]. The following day, on October 10, 2018, the Clerk of Court entered its default against Defendant [ECF No. 9]. Plaintiffs filed their Motion for Default Judgment on October 11, 2018 [ECF No. 10]. In light of Defendant's default, the Court entered its Order on Default Final Judgment Procedure ("Default Procedure Order") on November 29, 2018, stating that "[i]f Defendant fails to respond to the Complaint and/or move to set aside the Clerk's Default on or before December 12, 2018, then default final judgment may be entered" [ECF No. 11, ¶ 2]. The Court also ordered Plaintiffs to: (1) file any amended motion for default judgment by December 5, 2018; (2) immediately send a copy of their motion and the Court's Default Procedure Order to Defendant; (3) file a certificate of service on the record, indicating where notice was sent and where it was sent. *See id. generally.*

On January 28, 2019, after a *sua sponte* review of the record, this Court entered an Order to Show Cause as Plaintiffs failed to comply with this Court's Default Procedure Order by failing to file a certificate of service on the record stating that they sent a copy of the Court's Default Procedure Order and a copy of their Motion for Default Judgment to Defendant [ECF No. 12]. The Court provided Plaintiffs until February 4, 2019 to show cause or comply with the Court's Default Procedure Order. *Id.* On January 31, 2019, without seeking leaving of Court, Plaintiffs filed an Amended Motion for Default Final Judgment [ECF No. 13]. Plaintiffs also filed a Notice of Compliance with Court's Order Dated November 28, 2018 [ECF No. 14], indicating that "Plaintiffs served the Defendant via USPS Regular Mail a copy of the Motion for Default Final Judgment and a copy of the Court's Order on Default Final Judgment Procedure." To date, Defendant has failed to answer or otherwise respond to the Complaint.

## II. Legal Standard

Pursuant to Rule 55(b)(2), "[w]hen a defendant has failed to plead or defend, a district court may enter judgment by default." *Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239, 1244 (11th Cir. 2015). While a defendant's default constitutes an admission to plaintiff's well-pleaded allegations of fact, a default defendant "is not held to admit facts that are not well-pleaded or to admit conclusions of law." *Id.* at 1245 (internal citations omitted). Accordingly, an "[e]ntry of default judgment is only warranted when there is 'a sufficient basis in the pleadings for the judgment to be entered.'" *Id.* (citing *Nishimatsu Constr. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)).

"If the facts in the complaint are sufficient to establish liability, then the court must conduct an inquiry to ascertain the amount of damages." *See Petmed Express, Inc. v. Medpets.com, Inc.*, 336 F.Supp.2d 1213, 1217 (S.D. Fla. 2004). "Damages may be awarded only if the record adequately reflects the basis for the award via a hearing or demonstration of detailed affidavits establishing the necessary facts." *Id.* (citing *Adolph Coors Co. v. Movement Against Racism and The Klan*, 777 F.2d 1538, 1544 (11th Cir. 1985)). Hence, "[a]n evidentiary hearing is not a *per se* requirement." *See SEC v. Smyth*, 420 F.3d 1225, 1232 n.13 (11th Cir. 2005). "The district court may forego a hearing 'where all the essential evidence is already of record.'" *Giovanno v. Fabec*, 804 F.3d 1361, 1366 (11th Cir. 2015) (citing *Smyth*, 420 F.3d at 1232 n.13)).

## III. Discussion

### A. Defendant's Liability for Trademark Violations in Plaintiffs' Complaint

As previously noted, Plaintiffs have filed a two-count Complaint alleging that Defendant violated 15 U.S.C. § 1114 (Count I) and 15 U.S.C. § 1125(a) (Count II). As Defendant has failed

to answer or otherwise respond to the Complaint, Defendant has defaulted as to the allegations contained therein.

**1. Federal Trademark Counterfeiting and Infringement, 15 U.S.C. § 1114 (Count I)**

"Under the Lanham Act, 15 U.S.C. § 1114(1), a defendant is liable for infringement, if, without consent, he uses in commerce any reproduction, counterfeit, copy, or colorable imitation of a registered mark which is likely to cause confusion, or to cause mistake, or to deceive." *Frehling Enters., Inc. v. Int'l Select Grp., Inc.*, 192 F.2d 1330, 1335 (11th Cir. 1999) (internal quotations omitted). Therefore, "to prevail" on a claim arising under 15 U.S.C. § 1114(1), "a plaintiff must demonstrate (1) that its mark has priority and (2) that the defendant's mark is likely to cause customer confusion." *Id.* (internal citations omitted). In the Eleventh Circuit, likelihood of consumer confusion is determined by evaluating the following factors: (1) type of mark; (2) similarity of mark; (3) similarity of the products the marks represent; (4) similarity of the parties' retail outlets (trade channels) and customers; (5) similarity of advertising media; (6) defendant's intent; and (7) actual confusion. *Id.*

Here, Plaintiffs have adequately pled that its marks have priority and that Defendant's mark is likely to cause customer confusion. With respect to the priority of its marks, Plaintiffs have alleged that Defendant has used the RooR Marks without Plaintiffs' consent (ECF No. 1 ¶ 22, 48) and long after the trademarks were registered with the United States Patent and Trademark Office and Plaintiff Sream, Inc.'s license and subsequent adoption and use of the RooR Marks (*id.* at ¶ 26, 46).[3] Specifically, Plaintiffs have alleged that during "the ongoing investigation into the sales of counterfeit products bearing the RooR Marks, on February 5, 2016, the Plaintiffs' investigator purchased a glass water pipe with a RooR Mark affixed to it, from [Defendant]." *Id.* ¶ 23. An agent

---

[3] Copies of the United States Patent and Trademark Office registrations and Plaintiff Sream, Inc.'s Trademark License Agreement are attached to Plaintiffs' Complaint as Exhibit B and Exhibit C, respectively [ECF Nos. 1-2, 1-3].

for Plaintiffs determined it was a counterfeit good bearing an infringing mark. *Id.* ¶ 24. As to customer confusion, Plaintiffs have alleged that Defendant "offering to sell, selling, importing and encouraging others to import Counterfeit Goods bearing the Infringing Mark in this manner was and is likely to cause confusion or to cause mistake and/or deceive customers who purchase the Counterfeit Goods." *Id.* ¶ 25. Defendant's default establishes that the product purchased from Defendant is likely to cause confusion among consumers. *See Petmed Express, Inc.*, 336 F. Supp. 2d at 1218 (finding that defendants' default "establishes" that infringing website is "likely to cause confusion as to whether" websites "are one and the same").

**2. Federal False Designation of Origin and Unfair Competition, 15 U.S.C. § 1125(a) (Count II)**

"To establish a prima facie case under section 43(a), 'a plaintiff must show (1) that the plaintiff had enforceable . . . rights in the mark or name, and (2) that the defendant made unauthorized use of it 'such that consumers were likely to confuse the two.'" *Crystal Entm't. & Filmworks, Inc. v. Jurado*, 643 F.3d 1313, 1320 (11th Cir. 2011) (citing *Custom Mfg. & Eng'g, Inc. v. Midway Servs., Inc.*, 508 F.3d 641, 647 (11th Cir. 2007)). For the reasons previously stated, this Court finds that Plaintiffs have established that they had enforceable rights in the RooR Marks and that Defendant engaged in an unauthorized use of said marks "such that consumers were likely to confuse the two." *Id.*

**B. Statutory Damages**

Having determined that Defendant is liable for the trademark violations alleged in Plaintiffs' Complaint, this Court must now determine whether the damages (and amount thereof) sought by Plaintiffs are appropriate.

### 1. "Willful" Infringement

In its Motion for Default Judgment, Plaintiffs seek statutory damages pursuant to 15 U.S.C. § 1117(c) in the amount of $50,000.00 [ECF No. 10, at 8-9]. Section 1117(c) provides:

> In a case involving the use of a counterfeit mark (as defined in section 1116(d) of this title) in connection with the sale, offering for sale, or distribution of goods or services, the plaintiff may elect, at any time before final judgment is rendered by the trial court, to recover, instead of actual damages and profits under subsection (a), an award of statutory damages for any such use in connection with the sale, offering for sale, or distribution of goods or services in the amount of --
>
> (1) not less than $1,000 or more than $200,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just; or
>
> (2) if the court finds that the use of the counterfeit mark was willful, not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed, as the court considers just.

15 U.S.C. § 1117(c).[4] Accordingly, pursuant to 15 U.S.C. § 1117(c)(2), "[w]hen the court determines that a trademark violation was 'willful,' the statute authorizes statutory damages of 'not more than $2,000,000 per counterfeit mark per type of goods or services sold, offered for sale, or distributed.'" *Louis Vuitton Malletier, S.A. v. Mosseri*, 736 F.3d 1339, 1346 (11th Cir. 2013) (citing 15 U.S.C. § 1117(c)(2)). A defendant's trademark infringement is "willful" when "'the infringer acted with actual knowledge or reckless disregard for whether its conduct infringed upon the plaintiff's copyright.'" *Petmed Express, Inc.*, 336 F. Supp. 2d at 1220 (quoting *Arista Records, Inc. v. Beker Enter., Inc.*, 298 F.Supp.2d 1310, 1312 (S.D. Fla. 2003)). When determining whether a defendant's infringement was willful, courts can "infer willfulness" based on a defendant's use of a confusingly similar mark and a defendant's default. *Id.*

---

[4] This Court notes that statutory damages are "specially appropriate in default judgment cases due to infringer nondisclosure." *Petmed Express, Inc.*, 336 F.Supp.2d at 1220 (collecting cases).

In their Complaint, Plaintiffs sought statutory damages of up to $2,000,000 pursuant to 15 U.S.C. § 1117(c) [ECF No. 1, at 16]. Plaintiffs have also alleged that Defendant's "acts are willful with the deliberate intent to trade on the goodwill of the RooR Marks, cause confusion and deception in the marketplace, and divert potential sales of Sream's water pipes to [Defendant]." *Id.* ¶ 34. After a review of the RooR Marks and Defendant's infringing mark [ECF No. 1-6], this Court "infers from Defendant['s] use of such a confusingly similar mark that Defendant[] had the specific intent to confuse consumers into believing that [Defendant's mark] was affiliated with [the RooR Marks]." *Petmed Express, Inc.*, 336 F. Supp. 2d at 1220. Additionally, this Court infers that Defendant's infringement was willful based upon its default. To date, Defendant has not responded to the Complaint or defended this action. Thus, this Court finds that an award of damages pursuant to 15 U.S.C. § 1117(c)(2) is appropriate in this matter.

**2. Amount of Damages**

As courts out of this district have previously noted, "[t]he Court has wide discretion to determine the amount of statutory damages." *Chanel, Inc. v. Besumart.com*, 240 F.Supp.3d 1283, 1292 (S.D. Fla. 2016) (citing *Petmed Express, Inc.*, 336 F.Supp.2d at 1219)). "An award of statutory damages is appropriate despite a plaintiff's inability to provide actual damages caused by a defendant's infringement." *Besumart.com*, 240 F.Supp.3d at 1292 (citing *Ford Motor Co. v. Cross*, 441 F.Supp.2d 837, 852 (E.D. Mich. 2006)).[5]

Here, Plaintiffs seek an award of $50,000.00 in statutory damages, stating that such an amount "not only reflects actual damages suffered by the Plaintiffs, but also sends an unequivocal message to the industry that counterfeiting will not be tolerated, nor will misrepresentations or

---

[5] In *Besumart.com*, the court aptly noted how "Congress enacted a statutory damages remedy in trademark counterfeiting cases because evidence of a defendant's profits in such cases is almost impossible to ascertain." *Besumart.com*, 240 F.Supp.3d at 1292.

otherwise refusing to cooperate with discovery demands (even if informally presented)" [ECF No. 10, at 8-9]. After careful consideration of the record in this action, including the affidavits submitted by Plaintiffs, and Defendant's default in this matter, this Court agrees and finds that an award of $50,000.00 is a reasonable and just damages award pursuant to 15 U.S.C. § 1117(c)(2) and the facts of this case.

### C.  Costs of the Action

Pursuant to 15 U.S.C. § 1117(a), upon establishing a violation, a plaintiff is entitled to costs of the action. Here, Plaintiffs seek costs in the amount of $693.31, which consists of the filing fee ($400.00), the process server fee ($72.12), and Plaintiffs' investigation fees ($221.19) [ECF No. 10, at 9]. This Court finds that an award of costs in the amount of $693.31 is appropriate as Plaintiffs have established that Defendant violated 15 U.S.C. § 1114 and 15 U.S.C. § 1125(a).

### D.  Permanent Injunction

Notably, Plaintiffs' Motion for Default Final Judgment requests this Court to award statutory damages and costs but does not address whether injunctive relief is appropriate [ECF No. 10]. However, in its Motion for Default Final Judgment, Plaintiffs "requests that this Court enter the attached proposed Default Judgment and Order for Other Equitable Relief, and Civil Money Penalties." *Id.* at 1. A review of the proposed order includes a permanent injunction against Defendant in favor of Plaintiff [ECF No. 10-5]. Accordingly, this Court must determine whether injunctive relief is appropriate in this action.

Section 1116(a) states, in relevant part, that the court "shall have power to grant injunctions, according to the principles of equity and upon such terms as the court may deem reasonable, to prevent the violation of any right of the registrant of a mark registered in the Patent and Trademark Office or to prevent a violation under subsection (a), (c), or (d) of section 1125 of

this title." 15 U.S.C. § 1116(a). "Under the statute, a plaintiff is entitled to permanent injunctive relief if the plaintiff succeeds on the merits of his or her claims and if the equities involved favor injunctive relief." *Petmed Express, Inc.*, 336 F.Supp.2d at 1223 (citing *Neva, Inc. v. Christian Duplications Int'l, Inc.*, 743 F.Supp.1533, 1548 (M.D. Fla. 1990)). Here, as discussed herein, Plaintiffs have established that Defendant violated 15 U.S.C. § 1125(a). This Court also finds that the equities involved favor injunctive relief, namely, Defendant's failure to answer or respond to Plaintiffs' Complaint (or otherwise defend this action). Without injunctive relief, Defendant would be free to continue using the RooR Marks on counterfeit and/or infringing goods. Accordingly, this Court grants Plaintiffs' request for injunctive relief.

### E. Destruction of Infringing Articles

Lastly, Plaintiffs' Motion for Default Judgment is silent as to the relief they seek pursuant to 15 U.S.C. § 1118. Nevertheless, the Court shall address whether the relief sought under 15 U.S.C. § 1118 is appropriate as Plaintiffs "requests that this Court enter the attached proposed Default Judgment and Order for Other Equitable Relief, and Civil Money Penalties" [ECF No. 10, at 1]. In the proposed order, Plaintiffs request this Court to order Defendant "at his cost, deliver to Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the RooR Marks" [ECF No. 10-5, at 2].

Section 1118 provides, in pertinent part:

In any action arising under this chapter, in which a violation of any right of the registrant of a mark registered in the Patent and Trademark Office, a violation under section 1125(a) of this title, or a willful violation under section 1125(c) of this title, shall have been established, the court may order that all labels, signs, prints, packages, wrappers, receptacles, and advertisements in the possession of the defendant, bearing the registered mark or, in the case of a violation of section 1125(a) of this title or a willful violation under section 1125(c) of this title, the word, term, name, symbol, device, combination thereof, designation, description,

or representation that is the subject of the violation, or any reproduction, counterfeit, copy, or colorable imitation thereof, and all plates, molds, matrices, and other means of the making the same, shall be delivered up and destroyed.

15 U.S.C. § 1118. Accordingly, having found that the Defendant violated 15 U.S.C. § 1125(a), this Court grants Plaintiffs' request for relief pursuant to 15 U.S.C. § 1118.

### IV.     Conclusion

Accordingly, for the reasons stated herein, it is

**ORDERED AND ADJUDGED** that Plaintiffs' Motion for Default Judgment [ECF No. 10] is hereby **GRANTED**. Plaintiffs' Amended Motion for Default Final Judgment [ECF No. 13] is **DENIED as MOOT.**

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Judgment be entered in favor of the Plaintiffs on all claims, and the Defendant shall be liable to Plaintiffs in the amount of $50,693.31 (comprising statutory damages of $50,000.00 and costs of $693.31), for which let execution issue.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that Defendant, its agents, employees, officers, directors, owners, representatives, successor companies, and all persons acting in concert or participation with it, are permanently restrained and enjoined from infringing upon the RooR Marks with the registration numbers 3,675,839, 2,307,176 and 2,235,638 directly or contributorily, in any manner, including but not limited to:

(a) Import, export, making, manufacture, reproduction, assembly, use, acquisition, purchase, offer, sale, transfer, brokerage, consignment, distribution, storage, shipment, licensing, development, display, delivery, marketing advertising or promotion of the counterfeit RooR product identified in the complaint and any other unauthorized RooR product, counterfeit, copy or colorful imitation thereof;

(b) Assisting, aiding or attempting to assist or aid any other person or entity in performing any of the prohibited activities referred to in Paragraphs (a) above.

**IT IS FURTHER ORDERED, ADJUDGED AND DECREED** that pursuant to 15 U.S.C. §1118, the Defendant, at his cost, deliver to Plaintiffs for destruction all products, accessories, labels, signs, prints, packages, wrappers, receptacles, advertisements, and other material in their possession, custody or control bearing any of the RooR Marks.

**IT IS FURTHER ORDERED** that this court retains jurisdiction over any matter pertaining to this judgment.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th day of April, 2019.

_____
JOSE E. MARTINEZ
UNITED STATES DISTRICT JUDGE

Copies provided to:
Magistrate Judge Maynard
All Counsel of Record